IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20190
Summary Calendar
_____


FRANCES M. SMITH,

                                              Plaintiff-Appellant,

                          versus

KELSEY-SEYBOLD CLINIC, P.A.,

                                              Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CA H 94 2839)
_____
(September 15, 1995)

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        The district court dismissed this discrimination suit brought

by Frances Smith against her former employer after Smith failed to

comply with pretrial discovery orders, and this appeal followed.

Smith's attorney filed an opening brief that consists of about two-

and-a-half pages, leaving aside the title pages, the certificate of

interested persons, the statement regarding oral argument, the

_____

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

table of contents, the table of authorities, the statement of jurisdiction, and the signature block.  It is more a recitation of law than an argument.  It does not urge, in so many words, that the district court abused its discretion in dismissing her suit, as our cases require.  E.g., Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1519 (5th Cir. 1985).  Moreover, Smith's attorney has prosecuted this appeal in flagrant disregard of our established rules of appellate procedure.[1]  Counsel is admonished that further such conduct will invite sanctions from this court.  This appeal is clearly frivolous and, as such, is hereby DISMISSED.  See Loc. R. 42.2.

D I S M I S S E D.

---

[1]The following list of transgressions is intended to be illustrative rather than exhaustive.  The record excerpts were not filed with her brief and did not include the order that she appeals from, in violation of Fed.R.App. P. 30(a) and Loc. R. 30.1.2. and 30.1.4.  Nowhere does Smith's brief cite to the record, as required by Fed.R.App.P. 28(a)(4) & (6) and Loc. R. 28.2.3; nor does it identify the applicable standard of review, as required by Fed.R.App.P 28(a)(6) and Loc. R. 28.2.6.  The jurisdictional statement does not satisfy the requirements of Rule 28(a)(2) and Loc. R. 28.2.5.